SYDNEY BERNHEIM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15744. Promulgated February 26, 1929.

*Milton Rindler, C. P. A.*, for the petitioner.
*A. H. Fast, Esq.*, and *Harold D. Thomas, Esq.*, for the respondent.

MEMORANDUM OPINION.

LOVE: This proceeding arises from the contention of the petitioner that the proposed deficiency of $6,123.92 in income tax for the year 1921 was determined by the Commissioner as a result of a second examination of the petitioner's accounts for that year, made without the request of the petitioner and without a notice in writing from the Commissioner that such additional inspection was necessary, which the petitioner contends to be in controvention of section 1005 of the Revenue Act of 1924.

At the hearing held October 15, 1928, no testimony or evidence of any kind was introduced in support of the petitioner's contentions, so that there is nothing before us upon which we can base a finding of fact, and the case must be decided upon the pleadings.

The petitioner was not present in person at the hearing and, beyond the mere assertion of the petitioner's counsel, there is nothing in the record to show that the petitioning taxpayer protested the second examination; if indeed there had been any other preceding it, of which the petitioner offers no proof.

Even though we assign all possible weight to those papers submitted with the petition and which purport to be copies of documents received from the Commissioner and from the supervising

internal revenue agent, presumably in New York City, we find no relief for the petitioner.

In his letter of March 11, 1926, the Commissioner is represented as extending an invitation to the taxpayer to submit in affidavit form, within the 60-day period allowed for appeal to this Board, " an explanation of the deductions claimed on your return," but it does not appear that the taxpayer made any effort to file the affidavit so suggested, or to take advantage in any way of the opportunity afforded to press his contentions before the Commissioner, beyond, perhaps, filing with him a statement dated April 22, 1926, from the supervising internal revenue agent in New York, that " as a result of an examination of your books and records recently made by a representative from this office, recommendation is being made to the Commissioner of Internal Revenue that your income tax returns for these years " (i. e., 1920, 1921, 1923, and 1924) " be accepted as correct and closed as filed."

There is no evidence that such recommendation ever was made or received by the Commissioner, and in any event, it would not be binding upon him, or be admissible as evidence here. So that, giving to the petitioner every consideration possible, we must hold substantially as in the matter of *J. S. McDonnell*, 6 B. T. A. 685, to which, on this point, this case is very closely analogous, that the Commissioner's failure to comply with section 1005 of the Revenue Act of 1924, by notifying the taxpayer in writing that an additional inspection of his accounts was necessary, may not be interposed as a defense invalidating the deficiency determined upon information derived partly or altogether from other sources where, so far as the record shows, such inspection was made without objection by the taxpayer.

*Judgment will be entered for the respondent.*